[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1723

ESPERANZA MORALES,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

---

Before

Lipez, Circuit Judge,
Campbell and Cyr, Senior Circuit Judges.

---

Melba N. Rivera-Camacho on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza Toro, Assistant U.S. Attorney, and Robert J. Triba, Chief Counsel, Social Security Administration, on brief for appellee.

---

February 15, 2001

---

**Per Curiam**. Claimant Esperanza Morales appeals from the judgment of the district court. This judgment affirmed the denial by the Commissioner of Social Security of claimant's application for disability benefits. We affirm the district court's judgment for the following reasons.

The findings of fact of the administrative law judge (ALJ) "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). It also is important to keep in mind that resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981). Based on the following, it is apparent that the record contains conflicting evidence and that a sufficient amount of this evidence supports the ALJ's conclusion that claimant retained the residual functional capacity (RFC) to engage in her past, sedentary work. See 20 C.F.R. § 404.1567(a) (1997) (sedentary work requires the ability (1) to lift no more than 10 pounds at a time, and (2) to occasionally lift items like

small tools; the capacity to sit also is required, along with the capacity to occasionally walk and stand).

First, of course, is the RFC assessment completed by the non-examining physician which indicates that claimant frequently can lift and carry 25 pounds and is able to sit, stand, and walk for about six hours each, in an eight-hour work day. As for claimant's heart condition, the record reveals that she has good cardiac function and a fair tolerance for exercise. The ALJ, in his decision, also read one of the heart studies as concluding that claimant could perform sedentary work and claimant does not dispute the ALJ's reading of this report. Further, Dr. Marti noted that claimant experienced chest pain on "light," not sedentary, exertion and that, in any event, the pain was relieved with nitroglycerin tabs.

In relation to claimant's musculoskeletal condition, the most striking evidence, aside from the non-examining RFC assessment, is the conclusion of Dr. Cintron, one of the examining consultants, that claimant essentially is not disabled at all. Indeed, claimant showed no atrophy and exhibited a full range of motion in her arms, neck, and back. There also is the "objective" medical evidence – the

x-rays – which showed only spondylotic changes and mild osteopenia; there were no bulging or ruptured discs.

We also reject claimant's argument that the ALJ did not give controlling weight to the opinions of Drs. Marti and Diaz, claimant's treating physicians. See 20 C.F.R. § 404.1527(d)(2) (1997). Here, the ALJ, in deciding not to give such weight to the RFC assessments of Drs. Marti and Diaz, stated that the assessments were not corroborated by clinical studies or findings and were refuted by the rest of the record evidence. Given the results of the tests concerning claimant's heart and spine, this seems an adequate reason. That is, the tests are not consistent with the conclusion of these doctors that claimant could not perform even sedentary work. Further, the diagnosis of carpal tunnel syndrome made by Dr. Diaz is not confirmed by any tests and the opinions of both treating sources that claimant was limited in the use of her hands conflicts with the reports of both of the consultative physicians, who failed to note any problems with claimant's hands.

In regard to her mental impairment, claimant's primary argument is that her condition meets, or at least equals, a listed impairment. See 20 C.F.R. Part 404, Subpart P., App. 1. In particular, claimant refers to § 12.05, the

-4-

listing for mental retardation and autism.  According to §
12.05, "[m]ental retardation refers to a significantly
subaverage general intellectual functioning with deficits in
adaptive behavior initially manifested during the
developmental period (before age 22)."

The problem with claimant's argument is that there
simply is no evidence in the record that claimant had any
"deficits in adaptive behavior initially manifested . . .
before age 22."  Indeed, claimant herself reported to Dr. de
Jesus that, prior to 1992, she had been physically and
emotionally healthy.  Further, claimant stated that she had
obtained fair grades through the sixth grade and had left
school due to a skin condition.  Thus, claimant has failed
to establish that she fits within the basic definition of
mental retardation set out in § 12.05.  Finally, although
claimant averred that she "equaled" this listing, she does
not explain how.

Affirmed.